HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARDS OF TRUSTEES OF THE CEMENT MASONS & PLASTERERS HEALTH & WELFARE TRUST, *et al.*,

Plaintiffs,

v.

KELAYE CONCRETE LLC, a Washington limited liability company, UBI No. 603213162, Contractor's License No. KELAYCL876K2,

Defendant.

NO.  2:15-cv-01866-RAJ

ORDER

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. Dkt. # 12.  The Court GRANTS the motion and directs the Clerk to enter default judgment as directed in this Order.

The Court's role in reviewing a motion for default judgment is not ministerial. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  It must

ORDER - 1

accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *Id.* at 917. Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs Trust Funds[1] operate to provide medical and dental benefits, pension benefits, and apprenticeship and training benefits to eligible employees. The evidence Plaintiffs have presented establishes that Defendant was bound by a collective bargaining agreement and several trust agreements to pay contributions to the Plaintiffs. The evidence further demonstrates that Defendant failed to pay the required contributions for the hours worked by its employees and that the liability for that failure is as follows: unpaid contributions of $104,500.85, liquidated damages of $26,786.69, and interest of unpaid contributions of $5,405.68. *See* Dkt. # 13 (Clark Decl.) Ex. E-G.

---

[1] This includes Plaintiffs (1) Boards of Trustees of the Cement Masons & Plasterers Health & Welfare Trust, (2) Cement Masons and Plasterers Retirement Trust, and (3) Western Washington Cement Masons Journeyman and Apprentice Training Trust (collectively "Trust Funds").

In addition, Plaintiffs request attorney's fees, accounting fees, and court costs. The Court awards the hourly fees of Plaintiffs' counsel, accounting fees of auditors, and court costs. The Court finds that Plaintiffs' evidence supports an attorney fee award of $20,190.00, accounting fees of auditors of $5,868.57, and costs of $479.50 for litigation costs directly related to this action. Dkt. # 14 (Dwarzski Decl.) Ex. A; Dkt. # 13 (Clark Decl.) Ex. C1, C2.

The judgment shall bear interest pursuant to 28 U.S.C. § 1961.

The Clerk shall enter default judgment in accordance with this order.

Dated this 24th day of January, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge